IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| James Jackson (#M-46973), | ) |
| Plaintiff, | ) |
| | ) Case No. 19 C 50055 |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| John Baldwin, et al., | ) |
| Defendants. | ) |

## ORDER

The court has reviewed plaintiff's amended complaint [10] pursuant to 28 U.S.C. § 1915A and dismisses it without prejudice for failure to state a claim. If plaintiff wants to proceed with this lawsuit, he must submit a proposed second amended complaint that addresses the concerns discussed in this order. If he does not do so by July 22, 2019, this case will be dismissed. Plaintiff is reminded that he must promptly submit a change-of-address notification if he is transferred to another facility. If he fails to keep the court informed of his address, this action will be subject to dismissal. The Clerk of Court is directed to send plaintiff an amended complaint form, a blank USM-285 form, and instructions along with a copy of this order. The court advises plaintiff that a completed USM-285 form is required for service on each defendant. The U.S. Marshal will not attempt service on a defendant unless and until the required form for that defendant is received.

## STATEMENT

Plaintiff James Jackson, an inmate in state custody at Dixon Correctional Center, brings this *pro se* civil rights action under 42 U.S.C. § 1983, alleging constitutionally inadequate mental health care at Dixon. Plaintiff's amended complaint is before the court for initial review.

Under 28 U.S.C. § 1915A, the court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

Plaintiff alleges inadequate mental health care in June and July of 2018 ([10], p. 4.) Plaintiff alleges that as a result of the inadequate care he attempted suicide. (*Id*.) Plaintiff alleges he suffers from depression, PTSD, poor sleep, mood swings, crying, loss of appetite, poor memory, lack of interest in daily activities, and hopelessness (*Id*.) Plaintiff further alleges a policy of

deliberate indifference to serious mental health needs of inmates who have completed their sentences. (*Id*.) Plaintiff names as defendants John Baldwin, John Varga, Justin Wilks, Troy Hendrix, D. Thompson, C. Dillabough, and James Martens. (*Id*.)

Under the Eighth Amendment, correctional officials are liable "if they are deliberately indifferent to a prisoner's serious medical needs." *Harper v. Santos*, 847 F.3d 923, 927 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To state a colorable claim, an inmate must plausibly allege that his medical need is objectively serious and that the defendant was aware of that need and disregarded it. *Id*.

Mental health issues that lead to a suicide attempt "have already been recognized by the courts to be… objectively serious medical condition[s]." *Calhoun v. Howard*, No. 14 C 2631, 2015 WL 5462221, at *4 (N.D. Ill. Sept. 16, 2015) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001)); *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) ("it goes without saying that suicide is a serious harm"). In the context of a suicidal inmate, "[t]he second, 'deliberate indifference' element requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010) (citations omitted). Mental health conditions are a type of serious medical need, so actual knowledge that an inmate faces a substantial risk of suicide can rise to the level of a constitutional violation. *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)

However, plaintiff has not stated sufficient facts to make a plausible claim for denial of adequate mental health care. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Plaintiff alleges no facts supporting an inference that he has been denied adequate mental health care. Instead, he merely pleads conclusion: that a policy is in place that results in the denial of adequate care. Courts, on initial review, must accept all well pleaded facts as true; however, "are not bound to accept as true a legal conclusion couched as a factual allegation." *See Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Plaintiff's amended complaint is thus dismissed without prejudice. If he wants to proceed with this suit, plaintiff must submit a proposed second amended complaint that addresses the deficiencies discussed in this order. The court advises plaintiff that an amended complaint replaces prior complaints and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any exhibits plaintiff wants the court to consider in its review of the second amended complaint

must be included with it.  Plaintiff is advised to keep a copy for his files.

      The Clerk of Court will provide plaintiff with another amended civil rights complaint form and instructions along with a copy of this order.  Failure to submit an amended complaint by the date set forth in the order section above will result in dismissal of this suit for failure to state a claim.

Date: 6/24/2019                           ENTER:

                                                      /s/ Philip G. Reinhard
                                                      United States District Court Judge

                                                      Docketing to mail notices. (LC)